# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>LON DEAN GILLAS,<br>Defendant. | Case No. 3:20-cr-00086-SLG-MMS |

## PROTECTIVE ORDER FOR DISCOVERY

Upon consideration of the Motion for Protective Order [*Unopposed*], the court finds that the danger to witnesses and potential witnesses constitutes good cause to regulate discovery pursuant to Federal Rule of Criminal Procedure 16(d)(1), and hereby GRANTS the government's Motion:

1. The "Protected Material" consists of the Bates numbers Gillas_00002505 - Gillas_00086285 and any "discovery log" pertaining to these Bates numbers. This discovery will be provided by the United States to the defendant's attorney(s) in a production labeled "Protected Material."

2. Access to the Protected Material will be restricted to the defendant, and to the "defense team", which consists of the attorney(s) of record and any attorneys, paralegals, investigators, and secretaries, or other staff employed by the attorney(s) of record while performing work related to this case, including experts and consultants specifically retained for this case in order to perform work on behalf of the defendant.

3. The United States will provide the defense team with a copy of the Protected Material on a digital storage device labeled as "Protected Material." The defense team may then provide a separate defense-provided digital storage device, containing the Protected Material, to the Alaska Department of Corrections (DOC) for the defendant to check-out to review on a DOC computer during scheduled discovery-review sessions at the defendant's housing facility. The digital storage device must be clearly labeled as Protected Material so that DOC can follow proper procedures. The defendant must return the device to DOC's custody following any scheduled discovery-review sessions, and the device does not become the defendant's property, either legal or personal.

4. The defense team shall not leave with the defendant any copies of items labeled as Protected Material.

5. The defense team shall retrieve the digital storage device containing the Protected Material if the defendant is released from custody and thereafter maintain it in a secure place.

6. While the defendant is in custody the Protected Material may be "screen shared" with the defendant virtually, or through other electronic means, by the defense team if they can ensure that the other requirements of this order are met, including no unauthorized parties viewing the material and no copies being produced.

7. If out of custody, the defendant must be supervised by the defense team when reviewing the Protected Material in person anywhere other than the office of the defense team. The defendant may be left in an office belonging to the defense

team, unsupervised, to review the Protect Material as long as all other requirements of this Order are met, including no unauthorized parties viewing the material and no copies being produced.

8. The defense team, in addition, shall **not**:

    a. Allow any person outside the defendant and defense team to read, view, or access the Protected Material;

    b. Use the Protected Material for any purpose other than preparing a defense in this case;

    c. Make copies of Protected Material for the use by any person outside of the defense team;

    d. Give copies of any Protected Material to the defendant, other than the device described above; or

    e. Allow copies of any Protected Material to remain at any detention facility, apart from what is contained on the digital storage device..

9. The attorney(s) of record is directed to inform and advise all members of the defense team and the DOC of the terms and provisions of this Protective Order. Further, the attorney(s) of record shall provide a copy of this Protective Order to the DOC. Failure to comply with this Order by any member of the defense team shall be treated as a violation of court order and punishable as contempt.

10. Any Protected Material submitted as part of a filing or court proceeding shall be submitted under seal, unless prior permission from the court has been granted.

11. If defense identifies sections of the Protected Material where restrictions are no longer necessary, they may notify the Government in writing, identifying the specific Bates numbers they wish to remove from protection. If the Government agrees in writing, then the defense may treat the specifically identified material as if it were not subject to this Protective Order without further order from the Court.

This Order is entered without prejudice to the defendant's ability to request a modification, variance, or other suitable relief.

IT IS SO ORDERED.

DATED at Anchorage, Alaska, this 2nd day of November, 2021.

s/ Matthew M. Scoble
Chief United States Magistrate Judge