S. LANE TUCKER
United States Attorney

G. MICHAEL EBELL
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: michael.ebell@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:20-cr-00086-SLG |
| Plaintiff, | ) | |
| vs. | ) | |
| LON DEAN GILLAS, a/k/a lgillas@wbb.bssd.org, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, through Assistant United States Attorney, G. Michael Ebell, hereby files this sentencing memorandum for the sentencing scheduled for July 28, 2022.

//

//

## GOVERNMENT'S SENTENCING RECOMMENDATIONS

| | |
|---|---|
| **INCARCERATION** | 24 months |
| **SPECIAL ASSESSMENT** | $100.00 |
| **JVTA ASSESSMENT** | $5,000.00 |
| **RESTITUTION** | N/A |
| **FINE** | N/A |
| **SUPERVISED RELEASE** | 10 years |

### I. Introduction

The defendant appears for sentencing after pleading guilty to Count 1 of the Superseding Information, charging Attempted Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5), (b)(1).

Given the defendant's position as a teacher, and the circumstances of this offense, the government recommends a United States Sentencing Guideline (U.S.S.G.) sentence of 24 months.

### II. Background

The defendant was a teacher in Stebbins, Alaska. Stebbins is a small community with a population of approximately 600 people. Gillas used his work e-mail account and Google Hangouts to communicate with a person he believed to be a 16-year-old girl living in Texas.

The FBI began an investigation in Gillas after a 20-year-old woman reported that she had been living with him in a contractual master/slave relationship. She reported acts of sexual violence which had taken place. She had left the state prior to this investigation.

As part of investigating Gillas, the FBI obtained the Google Hangout messages between him and the person he believed to be a 16-year-old girl. He sought to initiate a sexual, BDSM relationship with her, and to have her mother send her to Stebbins Alaska to enter

that relationship. In the messages, he solicited sexually explicit photos and directed the minor to engage in sex acts with other people. The chats are detailed further in the complaint initially filed in this case. Dkt. 1-1.

At all times throughout the conversations Gillas believed he was speaking with a 16-year-old girl. After the defendant's indictment, it was determined that the person was actually an adult male unaffiliated with law enforcement.

Gillas plead guilty pursuant to a Plea Agreement where the United States agreed to recommend a sentence within the guideline range and that certain provisions of the guidelines do not apply to this case. Dkt 76.

### III. Sentencing Calculations

#### a. *Statutory Minimum and Maximum Sentence*

This crime has a sentencing range of 0 to 10 years of imprisonment with no mandatory minimum. There is a minimum of 5 years of supervised release with a maximum of life. The maximum fine amount is $250,000. There is a $100 special assessment and $5,000 assessment under the Justice for Victims of Trafficking Act ("JVTA").

#### b. *Guideline Calculation*

The Presentence Report (PSR).

#### c. *JVTA assessment*

18 U.S.C. § 3014 states that "the court shall assess an amount of $5,000 on any non-indigent person or entity convicted of an offense under . . . chapter 110 (relating to sexual exploitation and other abuse of children)." Chapter 110 includes 18 U.S.C. § 2252A for which the defendant is convicted. That statute is silent on how courts should determine a

defendant's indigent status. *See id.* However, simply qualifying for public counsel does not automatically make a defendant indigent for purposes of the JVTA assessment. *See United States v. Kelley,* 861 F.3d 790 (8th Cir. 2017) (finding no clear error in requiring assessment of defendant who qualified for public counsel); *United States v. Saair*, 737 Fed.Appx. 342 (9th Cir. 2018) (unpublished) (affirming the assessment imposed against a defendant who argued he was indigent due to public counsel).

The analysis of indigence for the application of this assessment is forward looking, i.e., the Court should consider a defendant's ability to pay prospectively. *See Kelley,* 861 F.3d at 801, *citing Strange*, 692 Fed.Appx. at 349. In *Strange* the Ninth Circuit found the district court "properly took into account that [defendant] was able-bodied." *Id.* The Eigth Circuit expanded on this reasoning in *Strange* where it found a fundamental difference between appointing counsel at the beginning of a case and assessing a fee during sentencing. *Id.* at 800. A court making a fee assessment should consider the defendant's health, work history, and future earning ability. *Id.* at 801.

Here the defendant has regular retirement income of $1,173 above and beyond anything he would earn from employment.[1] PSR ¶ 51. He has college degrees and steady employment history. PSR ¶ 46, 69. Due to his conduct in this case he should not be able to find employment as a teacher, which is the job he primarily held, but he remains employable. Just as the defendant in *Strange,* Gillas is able-bodied and does not have any

---

[1] As Gillas is full retirement age it is the government's understanding that his retirement income should not be reduced if he is employed.

U.S. v. Gillas
3:20-cr-00086-SLG
4

disabilities which would prevent him from working. He is not indigent for purposes of the JVTA, and the Court should impose the $5,000 assessment.

## IV. Statutory Sentencing Factors

In Title 18 U.S.C. § 3553(a), Congress instructed the sentencing judge to consider (1) offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing; (3) the sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities; and (7) the need for restitution.

### a. *Offense and offender characteristics*

The defendant attempted to get a person he believed to be a 16-year-old girl to engage in a variety of sex acts, to send him pictures of those acts, and to travel to Alaska to engage in a sexual relationship with him. He did this as a teacher in a small community, shortly after the 20-year-old he had been living with left the state. That 20-year-old made a variety of allegations against Gillas regarding sexual assault and them being engaged in a master/slave contractual relationship. That relationship indicates the seriousness of Mr. Gillas's intent when he invited a would be 16-year-old girl to fly to Stebbins, Alaska. The conduct involves the attempted production of child pornography and enticement of a minor to engage in sexual acts. While Gillas has almost no criminal convictions, his behavior around this case identifies him as a seriously concerning offender.

//

//

### c. Basic aims of sentencing

#### i. Seriousness of the offense and the need for a just punishment

As noted above, the conduct in this case is quite serious. The only mitigating factor is that the person who Gillas was speaking with was actually an adult male pretending to be a 16-year-old girl. The fact this adult was not affiliated with law enforcement dramatically reduces the guideline range as discussed below, but it does not change Gillas' actions or his intent. The seriousness is exacerbated by his position as a teacher in a small community. Punishment must be adequate for the community to feel protected by the justice system. The recommended sentence is the least restrictive means to achieve that goal in this case.

#### ii. Afford adequate deterrence

Convictions and jail sentences in cases involving the attempted victimization of children are critical to deterring others from engaging in similar conduct.

#### iii. Protect the public from further crimes by the defendant

The defendant made every effort to victimize a child on the other side of the country, and it was luck that he was unsuccessful. Any sentence must be sufficient to communicate to Mr. Gillas that the risk of actions like this in the future are simply not worth it. This case is the first time in custody for the defendant, but the circumstances of this case warrant an increased period on supervised release. As a result, the government is requesting 10 years on supervised release. Due to the nature of the agreement in this case and the guideline range, Mr. Gillas is likely to serve significantly less time in custody than other people who

engage in very similar conduct. Additionally, he may be able to disguise potential criminal actions easier and for longer periods of time than other offenders on supervised release. He is not addicted to substances, so this is not a case where a defendant convicted of controlled substance related offense will be caught through drug testing. Re-offending in this case would involve communication on an internet connected device, something that is particularly easy in the modern world. An extended period of supervised release will offer some assistance in protecting the community from potential future crimes by Gillas.

   iv. <u>Provide the defendant with needed educational or vocational training, and other care as needed.</u>

A period of supervised release will assist the defendant in adjusting to life both out of custody and not in Stebbins.

 d. *Kinds of sentences available and sentencing range*

The penalty for this crime is between 0 months and 120 months. A sentence of 24 months is near the low end of the sentencing range. Given the nature of this offense it is necessary to ensure the goals of sentencing.

 e. *Sentencing Guidelines*

The PSR reasonably calculated the offense level as 17 based on the applicable base offense level and adjustments. With a criminal history category of I this is a guideline range of 24-30 months. However, in the plea agreement the parties agreed that "none of the specific offense characteristics listed in § 2G2.2(b) apply. This means the 2-point enhancement in PSR ¶ 21 would not apply by agreement, the offense level would 15, and the guideline range 18-24 months.

The defendant's case is uncommon for its lack of enhancements. In most cases involving child pornography or exploitation there are additional enhancements because the case "involved a minor." The guidelines definition of minor is an actual person under 18, a law enforcement officer posing as a person under 18, or a third party represented by a law enforcement officer to be under 18. *See* Application Note 1 to U.S.S.G. § 2G2.2. This limited definition does not apply to this case. As such, no additional enhancements can be applied in this case.

  f. *Parity in Sentencing*

As a result of the lack of enhancement typically applied to cases involving child exploitation, the defendant's guideline range is much lower than similarly situated defendants. The recommended sentence of 24 months is much lower than sentences received by individuals who attempt the same crimes attempted by the defendant in this case. However, the recommended sentence acknowledges the circumstances which lead to the lower guideline range.

  g. *Need for restitution*

There are no identifiable victims in this case to request restitution for.

## V. Conclusion

Based upon the sentencing factors in Title 18 U.S.C. § 3553(a), and as those factors are embraced through the Guidelines, a sentence of 24 months with 10 years of supervised release and a $5,000 special assessment will best meet the ends of justice.

//

RESPECTFULLY SUBMITTED July 21, 2022, in Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

s/ G. Michael Ebell
G. MICHAEL EBELL
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2022,
a true and correct copy of the foregoing
was served electronically on the following:

Jane Imholte

s/ G. Michael Ebell
Office of the U.S. Attorney